STATE, Appellant, v. FOGLE, Respondent.*

*September 29—October 27, 1964.*

---

\* Motion for rehearing denied, without costs, on December 21, 1964.

258

For the appellant the cause was argued by *Betty R. Brown,* assistant attorney general, and *John Peyton,* district attorney of Racine county, with whom on the briefs were *George Thompson,* attorney general, and *William A. Platz,* assistant attorney general.

For the respondent there was a brief by *Rex Capwell* and *Foley, Capwell, Foley & Kolbe,* all of Racine, and oral argument by *Rex Capwell.*

WILKIE, J.    The sole question on this appeal is whether the trial court properly dismissed the action against respondent under the provisions of Wisconsin's Disposition of Intrastate Detainer Act.[2]  This statute, patterned after the Uniform Mandatory Disposition of Detainer Act,[3] permits an inmate of a state prison to request a prompt disposition of any charges pending against him.  Sec. 955.22 (2), Stats., provides:

---

[2] Sec. 955.22, Stats.; ch. 109, Laws of 1961.

[3] 9B U. L. A., 1963 Supp., p. 101.

"(2) *Duty of District Attorney in Felony Cases.* If the crime charged is a felony, the district attorney shall either move to dismiss the pending case or arrange a date for preliminary hearing as soon as convenient and notify the warden or superintendent of the prison thereof, unless such hearing has already been held or has been waived. After the preliminary hearing or upon waiver thereof the district attorney shall file an information (unless it has already been filed) and mail a copy thereof to the warden or superintendent for service on the inmate. *He shall bring the case on for trial within 180 days after receipt of the request unless:*

"(a) No term of court at which the case *may be tried* is held within such period;

"(b) *The trial is continued for cause upon notice to the defendant or his counsel or upon motion of defendant,* or is continued by stipulation; or

"(c) *The trial cannot be held* within such period because of the absence, disability, or disqualification of the judge and inability to obtain the services of another judge within the period. In any case, the trial shall be held at the earliest possible time after the expiration of said period of 180 days." (Emphasis added.)

Sec. 955.22 (7), Stats., provides:

"(7) *When Further Prosecution Barred.* If the district attorney moves to dismiss any pending case or *if it is not brought on for trial within the time herein specified the case shall be dismissed unless the defendant has* escaped or otherwise *prevented the trial,* in which case the request for disposition of the case shall be deemed withdrawn and of no further legal effect. Nothing in this section prevents a trial after the period herein provided if a trial commenced within such period terminates in a mistrial, or a new trial is granted as provided by law." (Emphasis added.)

The state argues that the phrase "bring the case on for trial" in sec. 955.22 (2), Stats., means only that the district attorney, as here, must perform his duties prescribed in sec. 955.22 (2). When the respondent was arraigned and the

prosecutor was standing ready for trial that was enough to comply with sec. 955.22. We do not agree.

The whole thrust of sec. 955.22, Stats., is to provide a legislative definition of what constitutes a reasonable time for bringing an accused to trial where intrastate detainers have been issued, and where there has been a request for a speedy trial.[4] One hundred and eighty days will ordinarily be plenty of time for the complete trial and disposition of such a charge.

It is clear from all of the provisions of sec. 955.22, Stats., that the legislature intended actual trial or the commencement of a trial, when it provided in sec. 955.22 (2) that the district attorney "shall bring the case on for trial within 180 days after receipt of the request . . ." Such a conclusion is also supported by the language employed in sec. 955.22 (7), which provides for the dismissal of a case "if it is not brought on for trial" within the specified time.

In the recent case of *State ex rel. Fredenberg v. Byrne*[5] the court stated at page 511:

"This section [955.22] applying only to intrastate detainers requires, with some exceptions, the trial within one hundred and eighty days of the request by the prisoner or the dismissal of detainer filed against him."

Sec. 955.22 (2), Stats., contains three specific escape hatches to excuse bringing a case to trial within the one hundred and eighty-day period: (1) Where no term of court is held at which the case "may be tried" (sec. 955.22 (2) (a)); (2) where "the trial is continued for cause upon notice to the defendant or his counsel or upon motion of defendant, or is continued by stipulation" (sec. 955.22 (2) (b)); (3)

[4] See *State v. Goetz* (1960), 187 Kan. 117, 120, 353 Pac. (2d) 816, 818, which holds that a Kansas statute, substantially similar to sec. 955.22, Stats., means that the case must be tried within the one hundred eighty-day period.

[5] (1963), 20 Wis. (2d) 504, 123 N. W. (2d) 305.

where no judge is available to try the case (sec. 955.22 (2) (c)).

Everyone of these exceptions is couched in terms of a "trial" or a case being "tried." That the matter may be postponed beyond the one hundred and eighty-day period for good cause is covered by sec. 955.22 (2) (b), Stats., which specifically contemplates that the cause may be continued for good cause on motion of either party. If there is good cause why the state cannot be ready to try the accused within the one hundred and eighty days all the district attorney has to do is bring on a soundly based motion for a continuance. In the instant case the district attorney took his time about bringing the matter on for trial. We are not impressed by his complaint that the defendant's motion was dilatory. If he was of that opinion at the time the motion was made, he could have moved to have the motion dismissed on that ground.[6] In the end, if the district attorney was concerned about the time limit, all he needed to do was move for a continuance.

In this case, however, the defendant's own motion to suppress that was not disposed of as of the date when the one hundred and eighty-day period expired was, in effect, a motion that the trial be continued for cause within the meaning of sec. 955.22 (2) (b), Stats. Thus one of the escape hatches was opened so that the state was excused from the requirement that the trial at least be commenced within the one hundred and eighty-day period. The last sentence of sec. 955.22 (2) (c) provides:

"In any case, the trial shall be held at the earliest possible time after the expiration of said period of 180 days."

Under this section the trial court maintaining jurisdiction of the case on proper motion should have set the matter down for trial at the earliest possible time, after the expiration of

---

[6] Sec. 955.11, Stats.

the one hundred and eighty-day period, thus complying with the provisions of this subsection.

*By the Court.*—Order reversed and cause remanded for further proceedings not inconsistent with this opinion.

GORDON, J. (*dissenting*). Sec. 955.22, Stats., is clearly designed to provide for the prompt disposition of pending intrastate charges against persons in prison. If the prisoner makes a formal request for the disposition of a charge outstanding against him, the statute directs that such charge must be brought on for trial within one hundred and eighty days. Sec. 955.22 (2). If it is not so brought on for trial, the statute requires dismissal of the charge. Sec. 955.22 (7). There are, however, several exceptions to the requirement of dismissal recited in the statute; one exception is if "the trial is continued for cause upon notice to the defendant or his counsel or upon motion of defendant. . ."

In the instant case, the trial was never expressly continued for cause, although the defendant did bring certain motions before the court. In a rather remarkable piece of judicial legerdemain, the majority has determined that a motion by the defendant to suppress certain evidence "was, in effect, a motion that the trial be continued for cause." To say that Mr. Fogle made a motion for a continuance when, in fact, he moved to suppress evidence is, in my opinion, fallacious. It is "correct" only because the majority of the court has said it; it has little else to sustain it.

I believe that the trial court properly granted the accused's motion to dismiss, and the court's order should therefore be affirmed.

I am authorized to state that Mr. Justice HALLOWS and Mr. Justice BEILFUSS join in this dissent.