State of Wisconsin, Plaintiff-Respondent,
v.
Richard A. Hoeft, Defendant-Appellant.
No. 2007AP965.
Court of Appeals of Wisconsin, District III.
September 11, 2007.
¶ 1 BRUNNER, J.[1]
Richard Hoeft appeals, pro se, an order denying postconviction relief under WIS. STAT. § 974.06. Hoeft argues his appellate counsel was ineffective for failing to argue that (1) his right to a speedy trial under WIS. STAT. § 971.11 was violated, and (2) his trial counsel was ineffective for not presenting an alleged alibi defense at trial. However, Hoeft previously filed a habeas petition alleging his appellate counsel was ineffective for other reasons. Thus, this appeal is procedurally barred because Hoeft should have raised all of these issues in one proceeding. We therefore affirm.

BACKGROUND
¶ 2 On June 24, 2003, Hoeft was charged in Rusk County with misdemeanor theft as party to the crime for the theft of a logging clam. Hoeft was already in prison at the Stanley Correctional Institution for an unrelated offense, and had cases pending in Iron, Ashland, Bayfield, and Rusk Counties. Hoeft sent a letter to the warden of the Stanley correctional facility requesting the prompt disposition of the five criminal cases pending against him, pursuant to the Intrastate Detainer Act of Wis. Stat. § 971.11. The Stanley correctional facility denied Hoeft's request, stating:
Of the 5 cases you have listed none of them have placed a detainer on you. You can only request the prompt disposition of a detainer if a detainer exists. You can write directly to the county if you want them to place a detainer on you.
Hoeft did not take any further action regarding his request.
¶ 3 Hoeft was convicted on November 5, 2004, after a jury trial. Hoeft filed a notice of intent to appeal. Hoeft's appellate counsel challenged Hoeft's theft conviction on the grounds Hoeft was denied his constitutional right to a speedy trial. This court affirmed Hoeft's conviction.
¶ 4 Hoeft then filed a pro se petition for a writ of habeas corpus. He argued his appellate counsel was ineffective for failing to raise a Miranda-Goodchild issue on appeal.[2] This court denied Hoeft's petition.
¶ 5 Subsequently, Hoeft filed a pro se motion for postconviction relief under WIS. STAT. § 974.06 alleging his appellate counsel was ineffective for failing to argue that (1) his right to a speedy trial under Wis. Stat. § 971.11 was violated, and (2) his trial counsel was ineffective for not presenting an alleged alibi defense at trial. The trial court denied Hoeft's motion.

DISCUSSION
¶ 6 Prior to filing the postconviction motion on which this appeal is based, Hoeft filed a direct appeal and a writ of habeas corpus, both were denied. Hoeft is not entitled to pursue an endless number of postconviction motions and appeals.
¶ 7 WISCONSIN STAT. § 974.06 requires defendants "to consolidate all their postconviction claims into one motion or appeal." State v. Escalona-Naranjo, 185 Wis. 2d 168, 178, 517 N.W.2d 157 (1994). Successive motions and appeals are procedurally barred unless the defendant can show a sufficient reason why the newly alleged errors were not previously raised. Id. at 185.
¶ 8 Hoeft seems to argue that sufficient reason exists because his appellate counsel was ineffective. While an ineffective assistance of appellate counsel claim may serve as sufficient reason for not raising a claim in an earlier appeal, it is not sufficient here.[3]See State ex rel. Rothering v. McCaughtry, 205 Wis. 2d 675, 682, 556 N.W.2d 136 (Ct. App. 1996). Hoeft has already challenged his appellate counsel's effectiveness in a habeas petition. "Successive motions and appeals, which all could have been brought at the same time, run counter to the design and purpose of [WIS. STAT. § 974.06]." Escalona-Naranjo, 185 Wis. 2d at 185.
¶ 9 Additionally, Hoeft has failed to establish that his appellate counsel was actually ineffective. In order to succeed on an ineffective assistance of counsel claim, Hoeft must establish that counsel's performance constituted deficient conduct and that the conduct prejudiced the outcome. See Strickland v. Washington, 466 U.S. 668, 687 (1984).
¶ 10 Hoeft has failed to demonstrate any act or omission of appellate counsel that constituted deficient performance. Hoeft failed to call his appellate counsel at his postconviction motion hearing and introduced no evidence other than his own statements that appellate counsel was even aware of his alleged alibi defense or his speedy trial claim pursuant to WIS. STAT. § 971.11. With regard to his claim that he was denied his right to a speedy trial pursuant to § 971.11, there is also no indication that Hoeft informed his trial counsel of this claim.
¶ 11 Even had Hoeft demonstrated some deficiency, he would still fail because he has not established any prejudice. If Hoeft's trial counsel had presented his "alibi" defense, which included his mother's statements that he was elsewhere, the outcome of the trial would not have been any different. Hoeft admitted committing the crime, and his co-defendant testified that Hoeft committed the crime.
¶ 12 Further, even if Hoeft's appellate counsel raised a claim that Hoeft's right to a speedy trial under WIS. STAT. § 971.11 was violated, counsel would have had two hurdles to overcome. First, Hoeft failed to raise the issue at the trial court, and therefore waived the issue. See State v. Polashek, 2002 WI 74, ¶25, 253 Wis. 2d 527, 646 N.W.2d 330.
¶ 13 Second, Hoeft has failed to demonstrate that he would have been entitled to relief under WIS. STAT. § 971.11, which provides in part:
(1) Whenever the warden or superintendent receives notice of an untried criminal case pending in this state against an inmate of a state prison, the warden or superintendent shall, at the request of the inmate send by certified mail a written request to the district attorney for prompt disposition of the case....
....
(3) If the crime charged is a misdemeanor, the district attorney shall either move to dismiss the charge or bring it on for trial within 90 days after receipt of the request.
....
(7) If the district attorney moves to dismiss any pending case or if it is not brought on for trial within the time specified in sub. (2) or (3) the case shall be dismissed....
Hoeft sent notice to the warden of the Stanley prison pursuant to the statute. However, the warden informed him that the act did not apply to him because there were no detainers lodged against him. Hoeft correctly notes that nothing in the text of the statute refers to a detainer. Yet Hoeft fails to demonstrate that § 971.11 should apply to cases where a detainer has not been filed. The legislature created the act to prevent "the potential injustices resulting from the practice of filing detainers." See State v. Davis, 2001 WI 136, ¶14, 248 Wis. 2d 986, 637 N.W.2d 62. A case interpreting the previous codification of the statute noted the statute applies "only to intrastate detainers." State ex rel. Fredenberg v. Byrne, 20 Wis. 2d 504, 511, 123 N.W.2d 305 (1963).
¶ 14 Even if we were willing to apply the act to Hoeft's case, he fails to show any prejudice. Had the trial court applied the act, it is possible the court would have dismissed the charges without prejudice allowing the district attorney to re-file charges. See Davis, 248 Wis. 2d 986, ¶¶14-20. There are a number of factors a trial court must consider before it dismisses a case under WIS. STAT. § 971.11 with prejudice. Davis, 248 Wis. 2d 986, ¶29. Hoeft's brief fails to address these factors.
¶ 15 Finally, Hoeft asks this court to use its discretionary authority to reverse this case under WIS. STAT. § 752.35 because the matter has not been fully tried or it is probable that justice has miscarried. We only exercise our power of discretionary reversal in exceptional cases. Vollmer v. Luety, 156 Wis. 2d 1, 11, 456 N.W.2d 797 (1990). Hoeft has failed to demonstrate how his case is exceptional.
By the Court.  Order affirmed.
NOTES
[1] This appeal is decided by one judge pursuant to WIS. STAT. § 752.31(2). All references to the Wisconsin Statutes are to the 2005-06 version unless otherwise noted.
[2] Miranda v. Arizona, 384 U.S. 436 (1966); Goodchild v. Burke, 27 Wis. 2d 244, 133 N.W.2d 753 (1965).
[3] In addition to asking this court to address the speedy trial issue due to ineffective assistance of counsel, Hoeft also asserts that this court should ignore Escalona-Naranjo and use our discretion to address his claim. See State v. Escalona-Naranjo, 185 Wis. 2d 168, 517 N.W.2d 157 (1994). This court does have discretion to make exceptions to the waiver rule. See State v. Erickson, 227 Wis. 2d 758, 766, 596 N.W.2d 749 (1999) (holding that waiver is a rule of judicial administration, not jurisdiction, and that courts have discretion to make exceptions). However, Hoeft fails to develop his argument and we can see no compelling reason to make an exception to the waiver rule. We will not develop Hoeft's amorphous and unsupported arguments for him. See Barakat v. DHSS 191 Wis. 2d 769, 786, 530 N.W.2d 392 (Ct. App. 1995).