COURT OF APPEALS
DECISION
DATED AND FILED

March 30, 2022

Sheila T. Reiff
Clerk of Court of Appeals

**NOTICE**

This opinion is subject to further editing. If published, the official version will appear in the bound volume of the Official Reports.

A party may file with the Supreme Court a petition to review an adverse decision by the Court of Appeals. *See* WIS. STAT. § 808.10 and RULE 809.62.

Appeal No. **2021AP1949-CR**

Cir. Ct. No. **2018CM1416**

STATE OF WISCONSIN

IN COURT OF APPEALS
DISTRICT II

---

STATE OF WISCONSIN,

   PLAINTIFF-RESPONDENT,

 V.

MICHAEL J. LEIGHTON,

   DEFENDANT-APPELLANT.

---

APPEAL from an order of the circuit court for Kenosha County: JASON A. ROSSELL, Judge. *Affirmed.*

¶1     GROGAN J.[1]   Michael J. Leighton appeals the order dismissing the criminal complaint against him *without* prejudice, arguing the circuit court should

---

[1] This appeal is decided by one judge pursuant to WIS. STAT. § 752.31(2)(f) (2019-20). All references to the Wisconsin Statutes are to the 2019-20 version unless otherwise noted.

have dismissed it *with* prejudice. Leighton asserts the circuit court erroneously exercised its discretion because "it did not reason towards a rational conclusion based on the facts." Because the circuit court considered the pertinent facts, applied the correct law, and reached a reasonable determination, it did not erroneously exercise its discretion. This court affirms.

## I. BACKGROUND

¶2    In May 2018, victim J.A. discovered someone had stolen $160 in cash and two credit cards from his wallet. The thief charged $942.79 at Target on one of J.A.'s credit cards and also attempted to charge $1,173.11 at Wal-Mart. After some investigation, the police identified Leighton as the person suspected of committing these crimes. The State charged Leighton with one count of misdemeanor theft as a repeater and one count of fraudulent use of a credit card as a repeater, contrary to WIS. STAT. §§ 943.20(1)(a) & (3)(a), 943.41(5)(a), 939.51(3)(a), and 939.62(1)(a).

¶3    In April 2020, while Leighton was incarcerated at Stanley Correctional Institution serving a sentence on other crimes, Leighton sent a request to the Kenosha County District Attorney for "prompt disposition" of this case pursuant to WIS. STAT. § 971.11.[2] Having heard nothing on his theft/credit card

---

[2] As relevant, WIS. STAT. § 971.11 provides:

(continued)

2

fraud case, Leighton filed a motion on February 12, 2021, to dismiss the case based on the § 971.11 violation. On February 16, 2021, a Kenosha County Court Commissioner held Leighton's initial appearance and heard his motion to dismiss. The prosecutor told the Commissioner (and later the circuit court) that its records—referencing a writ in its file to bring Leighton from Stanley Correctional to court for intake—showed an attempt to hold an initial appearance on May 21, 2020, but that for some unknown reason, the writ was never signed and the May 21, 2020, planned initial appearance never happened. Because the delay in

---

**(1)** Whenever the warden or superintendent receives notice of an untried criminal case pending in this state against an inmate of a state prison, the warden or superintendent shall, at the request of the inmate, send by certified mail a written request to the district attorney for prompt disposition of the case. The request shall state the sentence then being served, the date of parole eligibility, if applicable, or the date of release to extended supervision, the approximate discharge or conditional release date, and prior decision relating to parole. If there has been no preliminary examination on the pending case, the request shall state whether the inmate waives such examination, and, if so, shall be accompanied by a written waiver signed by the inmate.

....

**(3)** If the crime charged is a misdemeanor, the district attorney shall either move to dismiss the charge or bring it on for trial within 90 days after receipt of the request.

....

**(7)** If the district attorney moves to dismiss any pending case or if it is not brought on for trial within the time specified in sub. (2) or (3) the case shall be dismissed unless the defendant has escaped or otherwise prevented the trial, in which case the request for disposition of the case shall be deemed withdrawn and of no further legal effect. Nothing in this section prevents a trial after the period specified in sub. (2) or (3) if a trial commenced within such period terminates in a mistrial or a new trial is granted.

Leighton's case violated the time requirements set forth in § 971.11, the Commissioner dismissed the case, but did so *without* prejudice.

¶4 Leighton then filed a request for de novo review by the circuit court because he thought his case should have been dismissed *with* prejudice. In May 2021, the circuit court held a hearing on that motion. The circuit court focused on what happened in the case after Leighton made his WIS. STAT. § 971.11 dismissal motion. It noted that Leighton filed his prompt disposition request on April 3, 2020—right when "the pandemic that we are currently in began to extract its toll." The circuit court then referenced the factors in *State v. Davis*, 2001 WI 136, 248 Wis. 2d 986, 637 N.W.2d 62, and explained that our supreme court had tolled time limits via a March 22, 2020 order, which made it impossible for the State to hold a jury trial within the required 90-day time period. The circuit court then explained the supreme court extended its first order on May 22, 2020, and that the order was still in effect at the time of Leighton's May 2021 hearing.

¶5 In considering the *Davis* factors, the circuit court noted that this delay did adversely impact Leighton; however, it expressed concern about the victim in the case and the victim's constitutional right to restitution. The circuit court noted this case involved a significant amount of money—allegations "of over $1,000 of loss." The circuit court acknowledged it must, "under the *Davis* factors," consider "the effect of the delay and dismissal on the victim." It then determined that dismissal without prejudice would not "change[] any of Mr. Leighton's legal defenses in this matter nor prejudice[] his ability to defend against this case." After considering these factors, the circuit court decided that dismissal without prejudice was reasonable. Leighton now appeals.

## II. DISCUSSION

¶6 Leighton contends the circuit court erroneously exercised its discretion when it dismissed his theft/credit card fraud case *without* prejudice. There is no dispute that circuit courts have the discretion under WIS. STAT. § 971.11 to dismiss a criminal case *with* or *without* prejudice when time deadlines are not met. *See **Davis***, 248 Wis. 2d 986, ¶¶5, 14, 27, 34 (holding that circuit courts have discretion to dismiss a case with or without prejudice under § 971.11). The circuit court's decision to dismiss a case under § 971.11 is reviewed under the erroneous exercise of discretion standard. ***Davis***, 248 Wis. 2d 986, ¶28. "An erroneous exercise of discretion results when the exercise of discretion is based on an error of law" or "when the circuit court does not consider the facts of record under the relevant law or does not reason its way to a rational conclusion." ***Id.***

¶7 ***Davis*** instructs that in ascertaining whether a case should be dismissed *with* or *without* prejudice, circuit courts "should consider a number of factors, including, but not limited to":

> the reasons for and the length of the delay in bringing the criminal case on for trial; whether the nature of the case makes it unreasonable to expect adequate preparation within the statutory time period; an accused's conduct contributing to the delay; an accused's waiver of the statutory right to prompt disposition; the harm to an accused resulting from the delay, such as anxiety and concern; the effect of the delay on an accused's legal defenses; the effect of the delay on the programs and movement within the institutions available to an accused; the effect of the delay on the orderly rehabilitation process of an accused within the Department of Corrections; the effect of the delay on an accused's concurrent sentencing possibilities; the effect of the delay on an accused's possible transfer to a less secure facility; the effect of the delay on an accused's opportunity for parole; the effect of the delay on the transfer of the accused to another institution; the effect of the delay and dismissal on the

> public interest in the prompt prosecution of crime; and the
> effect of the delay and dismissal on the victim.

*Id.*, ¶29 (footnote omitted). The circuit court here considered the appropriate *Davis* factors and found that the victim's rights weighed heavily in its decision to dismiss *without* prejudice. If Leighton's case had been dismissed *with* prejudice, the victim of Leighton's alleged crimes would have been without a remedy to recover restitution in the criminal matter. The transcript reflects the circuit court gave thoughtful consideration to both the effect of the State's violation on Leighton—whether it prejudiced him—and the effect on the victim. The circuit court also assessed the reasons offered for the delay and reached a rational determination that dismissal *without* prejudice was appropriate in Leighton's case. Although this court is certainly troubled by the fact that Leighton's case, as expressed by the prosecutor, "for whatever reason … got put on the back burner," the record reflects the circuit court properly exercised its discretion. Accordingly, the standard of appellate review requires this court to affirm.

> *By the Court.*—Order affirmed.

This opinion will not be published. *See* WIS. STAT. RULE 809.23(1)(b)4.