COURT OF APPEALS
DECISION
DATED AND FILED

June 11, 2026

Samuel A. Christensen
Clerk of Court of Appeals

**NOTICE**

This opinion is subject to further editing. If published, the official version will appear in the bound volume of the Official Reports.

A party may file with the Supreme Court a petition to review an adverse decision by the Court of Appeals. *See* WIS. STAT. § 808.10 and RULE 809.62.

Appeal No.    **2024AP2311-CR**

**STATE OF WISCONSIN**

Cir. Ct. No. **2021CF663**

**IN COURT OF APPEALS
DISTRICT IV**

STATE OF WISCONSIN,

    PLAINTIFF-RESPONDENT,

  V.

LEONARD E. JORDAN,

    DEFENDANT-APPELLANT.

APPEAL from an order of the circuit court for La Crosse County: ELLIOTT M. LEVINE, Judge. *Affirmed*.

Before Blanchard, Nashold, and Taylor, JJ.

**Per curiam opinions may not be cited in any court of this state as precedent or authority, except for the limited purposes specified in WIS. STAT. RULE 809.23(3).**

¶1 PER CURIAM. Leonard Jordan appeals a circuit court order dismissing the criminal felony case that the State pursued against him. Jordan

argues on appeal that the circuit court erroneously exercised its discretion when it dismissed the case without prejudice. We reject this argument and affirm the judgment of the circuit court.

*Background*

¶2      On September 3, 2021, the State filed a criminal complaint charging Jordan with three felony counts (substantial battery, intimidation of a victim, and strangulation and suffocation) and two misdemeanor counts (battery and disorderly conduct), all carrying domestic abuse and repeater enhancers. At the time the alleged offenses occurred, Jordan was on extended supervision. Jordan's extended supervision was revoked on January 21, 2022, and he was sentenced to five years, two months, and fourteen days of reconfinement time.

¶3      An initial appearance hearing was held on September 3, 2021. Jordan was appointed counsel by the State Public Defender. In February 2022, appointed counsel moved to withdraw, explaining that Jordan had requested new counsel. Successor counsel was appointed in May 2022. At a scheduling conference on February 9, 2023, Jordan's successor counsel requested a trial date. The circuit court said that, due to its heavy docket, the trial would be in November or December 2023 at the earliest, and instructed the parties to "talk to [the court's] judicial assistant" to schedule the trial.

¶4      On March 1, 2023, Jordan, as a felony defendant in state prison, filed a pro se motion seeking a "Prompt Disposition pursuant to WIS. STATS., 971.11"

2

and referencing the 120-day time limit set forth in that statute.[1]  Then, on Jordan's request, the Department of Corrections submitted a "Request for Prompt Disposition" form to the district attorney in April 2023.  The State acknowledged that it received the prompt disposition request on April 4, 2023.

¶5      The circuit court held a status hearing on April 24, 2023.  Jordan's counsel explained that she "wanted time to talk to the new prosecutor" who had been assigned to the case, and asked that the court place the case "on the trial calendar."  The court again instructed counsel to talk to the judicial assistant to schedule the trial.

¶6      The prosecution and defense counsel communicated via email in May 2023 about potential trial dates, including dates in July and September 2023.  The jury trial was ultimately scheduled for December 11, 2023, with a pretrial motion hearing set for September 19, 2023.

¶7      On September 5, 2023, Jordan moved to dismiss the case with prejudice under WIS. STAT. § 971.11(7) because the State did not bring him to trial within 120 days of his prompt disposition request.  On September 19, 2023, the circuit court held a hearing on the motion.  Defense counsel acknowledged that Jordan's March 1, 2023 pro se motion for prompt disposition was not filed properly and may have "confuse[d] matters."

¶8      The prosecutor argued that there had been "a lot of confusion" on this issue, and noted that the parties had exchanged emails about trial dates that fell

---

[1]  When the State charges an inmate of a state prison with a felony, then under WIS. STAT. § 971.11(2) (2023-24), "[t]he district attorney shall bring the case on for trial within 120 days after receipt of" the defendant's request for a prompt disposition.

All references to the Wisconsin Statutes are to the 2023-24 version.

outside of the alleged 120-day deadline. The prosecutor explained that a July 2023 trial date was considered, which would have been within the 120-day time frame, but that the State's witnesses had been unavailable for that date. The prosecutor represented that Jordan's prompt disposition request was never discussed in the email communications. The prosecutor argued that, by agreeing to a December 2023 date, defense counsel conveyed the implied position that prompt disposition was not at issue.

¶9      At the same time, the prosecutor went on to concede that the State might not prevail in further litigation as to whether there was a deadline that had not been met, and for that reason she encouraged the court to dismiss the case based on an assumed failure to honor the prompt disposition request, but urged the court to do so without prejudice. The court went on to dismiss the case without prejudice, after explaining its reasoning on the record. Jordan appeals.

*Discussion*

¶10      The single issue that Jordan presents on appeal is whether the circuit court erroneously exercised its discretion when it dismissed the case without prejudice. When charges are dismissed under WIS. STAT. § 971.11(7), the decision to dismiss with or without prejudice is a discretionary determination left to the circuit court. *State v. Davis*, 2001 WI 136, ¶14, 248 Wis. 2d 986, 637 N.W.2d 62. "A circuit court properly exercises its discretion when it has examined the relevant facts, applied the proper legal standards, and engaged in a rational decision-making process." *State v. Bentley*, 201 Wis. 2d 303, 318, 548 N.W.2d 50 (1996). The record reflects that the court did so here.

¶11      When the State fails to bring a prison inmate to trial on felony charges within the 120-day statutory window following a prompt disposition request, WIS.

STAT. § 971.11(7) mandates dismissal of the untried charges, but the statute does not specify the nature of that dismissal. In *Davis*, our supreme court identified factors that the circuit court "should consider" in exercising its discretion to dismiss a case with or without prejudice under § 971.11(7). *Davis*, 248 Wis. 2d 986, ¶29. The *Davis* factors include, but are not limited to, the following:

> [T]he reasons for and the length of the delay in bringing the criminal case on for trial; whether the nature of the case makes it unreasonable to expect adequate preparation within the statutory time period; an accused's conduct contributing to the delay; an accused's waiver of the statutory right to prompt disposition; the harm to an accused resulting from the delay, such as anxiety and concern; the effect of the delay on an accused's legal defenses; the effect of the delay on the programs and movement within the institutions available to an accused; the effect of the delay on the orderly rehabilitation process of an accused within the Department of Corrections; the effect of the delay on an accused's concurrent sentencing possibilities; the effect of the delay on an accused's possible transfer to a less secure facility; the effect of the delay on an accused's opportunity for parole; the effect of the delay on the transfer of the accused to another institution; the effect of the delay and dismissal on the public interest in the prompt prosecution of crime; and the effect of the delay and dismissal on the victim.

*Id.* (footnote omitted).

¶12 The record demonstrates that the circuit court considered and weighed the *Davis* factors and applied them to the relevant facts. Regarding the length of the delay, the court noted that it was not a "horrible delay" and that the State could re-file charges promptly. As for the reason for the delay, the court said that there had been "some confusion about the [prompt disposition] request and whether it was withdrawn or not really made." The court further said that it appeared that the delay was due to the State's "mistake," apparently in failing to keep track of the prompt disposition request, and not an intentional violation of WIS. STAT. § 971.11(2) or intentional delay.

¶13     Jordan argues that the circuit court erred in finding that there was confusion about the validity of his prompt disposition request. Jordan quotes language from the beginning of the hearing on the motion to dismiss, when the court described its recollection of what occurred at the April 2023 status hearing. The court said, "So when I'm told that on that date, there's no indication to me that there's a speedy or prompt disposition being requested.… The [S]tate, at that point, is being told that there's no speedy trial demand." Jordan argues that this is an incorrect characterization of what occurred, and that defense counsel said clearly on the record that Jordan had filed a prompt disposition request and not a speedy trial demand. Our own review of the record shows Jordan to be correct on this point. At the April 24, 2023 status hearing, the prosecutor incorrectly stated, "I believe that there is or was a speedy trial demand filed." Defense immediately corrected the prosecution, stating, "It's not a speedy trial demand" but "a demand for a speedy disposition, which is a ... separate procedure."

¶14     We acknowledge that the circuit court incorrectly recalled exactly what was said at the April 2023 status hearing regarding prompt deposition. However, we reject Jordan's argument that "no factual basis" exists for the court's finding that there was confusion about the prompt disposition request. The record reflects two problems, which defense counsel acknowledged at the April 2023 status hearing "did confuse matters." First, Jordan filed a pro se motion while he was represented by counsel. Second, he initially filed the motion in the court, which is not the procedure specified under WIS. STAT. § 917.11(2).[2] The court's finding that there was "some confusion" about the prompt disposition request is not clearly

---

[2] Over a month after he filed his pro se motion in the circuit court, Jordan did eventually "send by certified mail a written request to the district attorney for prompt disposition" as required under WIS. STAT. § 917.11(2).

erroneous. Moreover, as we explain below, the court's consideration of other *Davis* factors provides ample support for our conclusion that the court properly exercised its discretion in dismissing the case without prejudice.

¶15 Turning to the next *Davis* factor, the circuit court considered the nature of the case and the parties' ability to prepare for trial. *See Davis*, 248 Wis. 2d 986, ¶29. The court said that the parties "are prepared to go to trial relatively soon, so this could be set on a very speedy disposition if it gets refiled." In considering whether the accused's conduct contributed to the delay, the court concluded that Jordan did not contribute to the delay. As to whether Jordan forfeited or waived his statutory right to a prompt disposition, the court noted that this point was in dispute, but that the State seemed "willing to say that he did not fully waive it."

¶16 In considering the harm resulting from the delay, the circuit court noted that Jordan's medical records supported his contention that he was experiencing anxiety. The court acknowledged that "the open case is causing him stress" but also that other factors were causing stress, such as grief, incarceration, and trauma, "not just the issue of the trial."

¶17 As to the effect of the delay on the legal defense, the circuit court found that there was "no evidence" that that the delay had affected Jordan's defense. The court concluded that it was "possible," but ultimately unclear, whether the delay had negative effects on the availability of programming for Jordan, as well as the effect on the rehabilitation process and eligibility for transfer to a less secure facility or another institution.

¶18 The circuit court acknowledged Jordan's argument that the delay may have had a negative effect on Jordan's concurrent sentencing possibilities, since he was spending time in custody in connection with another case, after his probation

was revoked as a result of the same conduct that led to the charges in this case. However, the court noted that his sentences could be made "essentially concurrent" if Jordan were granted sentence credit.

¶19   The circuit court also considered the effect that dismissal with prejudice would have on the public interest and the prompt prosecution of the crime. The court concluded that the effects on the victim of a dismissal with prejudice would be "fairly severe." The court balanced the victim's interest in having the case prosecuted against the constitutional deprivation to Jordan of not having the case resolved promptly.

¶20   After considering all of the factors we have discussed above, consistent with *Davis*, 248 Wis. 2d 986, ¶29, the circuit court ruled that the case would be dismissed without prejudice. Because the court "examined the relevant facts, applied the proper legal standards, and engaged in a rational decision-making process," its judgment of dismissal without prejudice constitutes a proper exercise of discretion. *Bentley*, 201 Wis. 2d at 318.

¶21   Jordan acknowledges that the circuit court could assign substantial weight to the victim's interests. His core argument is that the court did "not appropriately determine the reason for the state's delay." For reasons explained above, while we recognize one particular misunderstanding that the court operated under in addressing the reason for delay, this misunderstanding did not render the court's overall determination an improper exercise of discretion.

*By the Court.*—Order affirmed.

This opinion will not be published. *See* WIS. STAT. RULE 809.23(1)(b)4.