STATE of Wisconsin, Plaintiff-Respondent,

v.

Michael D. LEWIS, Defendant-Appellant.

Court of Appeals

*No. 03–3191–CR. Submitted on briefs August 30, 2004.—
Decided October 27, 2004.*

2004 WI App 211

(Also reported in 690 N.W.2d 668.)

447

On behalf of the defendant-appellant, the cause was submitted on the briefs of *Timothy A. Provis*, Madison.

On behalf of the plaintiff-respondent, the cause was submitted on the brief of *Jeffrey J. Kassel*, assistant attorney general, and *Peggy A. Lautenschlager*, attorney general.

Before Anderson, P.J., Nettesheim and Snyder, JJ.

¶ 1. SNYDER, J.    Michael D. Lewis appeals from a judgment of conviction for second-degree sexual assault with use of force contrary to Wis. Stat. § 940.225(2)(a) (2001–02),[1] and two counts of child enticement contrary to Wis. Stat. § 948.07(3). He argues that the trial court erred when it denied his motion to dismiss on grounds that the State failed to bring his case to trial

---

[1] All references to the Wisconsin Statutes are to the 2001–02 version unless otherwise noted.

within 120 days as required under Wis. Stat. § 971.11(2). Lewis also appeals a postconviction order denying his request for resentencing, arguing that the court's application of the persistent repeater statute, Wis. Stat. § 939.62(2m), resulted in cruel and unusual punishment. Because we conclude that the trial court erred when it failed to dismiss the action pursuant to § 971.11(7), we reverse the judgment of conviction and remand for a determination of whether the dismissal will be with or without prejudice. Although the trial court did not err in applying the persistent repeater statute at sentencing, the postconviction order must also be reversed in light of our reversal of Lewis's conviction.

## BACKGROUND

¶ 2.   On March 8, 2002, the State charged Lewis with two counts of second-degree sexual assault with use of force and two counts of child enticement. The State also alleged that Lewis was a persistent repeat offender under Wis. Stat. § 939.62(2m)(a)1m.a and (2m)(b)2, citing a 1994 conviction for second-degree sexual assault of a child.

¶ 3.   Lewis made his initial appearance with appointed counsel on April 3 and requested a preliminary hearing. On April 11, Lewis's appointed counsel moved to withdraw at Lewis's request. On May 2, Lewis appeared with newly appointed counsel and the preliminary hearing was rescheduled. By stipulation, he again substituted counsel on June 4.

¶ 4. Lewis signed a Detainer Acknowledgment on June 4, requesting prompt disposition of his case.[2] The Kenosha County District Attorney's office received the request for prompt disposition on June 7.

¶ 5. At the preliminary hearing on June 19, Lewis was bound over for trial. At his arraignment one month later, Lewis entered a plea of not guilty. The case was set for pretrial on September 11 and trial on September 30.

¶ 6. Lewis's attorney attended the pretrial conference but Lewis did not. The prosecutor, Lewis's attorney, and the trial court discussed the upcoming trial, specifically the court's congested calendar and scheduling conflicts with the September 30 trial date. The court considered the possibility of an adjournment, and Lewis's attorney questioned whether an adjournment would violate the 120–day time limit for bringing the case to trial. The prosecutor indicated that he did not believe Lewis had filed an intrastate detainer request for prompt disposition in this case. The court set the new trial date for December 2, 2002. Lewis's attorney indicated the new trial date was "fine."

¶ 7. On October 21, Lewis filed a motion to dismiss, asserting that the State had failed to bring his case to trial within 120 days as required under Wis.

---

[2] We note that the Detainer Acknowledgment in the record applies to No. 02–CF-275; however, it references charges of theft and first-degree reckless endangerment rather than sexual assault or child enticement. At a motion hearing on November 15, 2002, the State argued that the Detainer Acknowledgment was defective due to the incorrect charge. The trial court rejected that argument and ruled that the document contained sufficient information to conclude that it was for No. 02–CF-275. The State does not challenge this ruling on appeal.

STAT. § 971.11(2). The trial court denied his motion, and the trial began on December 2, 2002.

¶ 8.   The jury returned a verdict finding him not guilty on count two, a charge of second-degree sexual assault with use of force, but finding him guilty on both child enticement charges and the remaining second-degree sexual assault with use of force charge. The trial court sentenced Lewis to life in prison without the possibility of parole as a persistent repeater under Wis. STAT. § 939.62(2m)(b)2. Lewis challenges his conviction and his sentence.

## DISCUSSION

*Motion to Dismiss Under the Intrastate Detainer Act*

¶ 9.   We begin with Lewis's contention that the trial court erred when it failed to dismiss the case as required by Wis. STAT. § 971.11, also referred to as the Intrastate Detainer Act (IDA). When a defendant properly requests prompt disposition of his or her criminal case pursuant to the IDA, the State's failure to bring the case to trial within 120 days permits the trial court to exercise its discretion to dismiss the case with or without prejudice under § 971.11(7). *State v. Davis,* 2001 WI 136, ¶ 5, 248 Wis. 2d 986, 637 N.W.2d 62. To identify our standard of review, however, we must draw a distinction between a trial court's discretion to dismiss with or without prejudice, and its decision whether to dismiss in the first place. Here we must decide whether the trial court properly applied § 971.11(7) to the facts of the case when it refused to dismiss the case. The application of a statute to a particular set of facts is a question of law that we review de novo. *State v. Piddington,* 2001 WI 24, ¶ 13, 241 Wis. 2d 754, 623 N.W.2d 528.

¶ 10. The State does not dispute that it failed to bring Lewis's case to trial within 120 days after the district attorney's office received his request for prompt disposition of his case. The State concedes that the Kenosha County District Attorney's office received Lewis's request on June 7, 2002, and that, as a result, the deadline for bringing the case to trial was October 5, 2002. WISCONSIN STAT. § 971.11 states, in relevant part:

> **(1)** Whenever the warden or superintendent receives notice of an untried criminal case pending in this state against an inmate of a state prison, the warden or superintendent shall, at the request of the inmate, send by certified mail a written request to the district attorney for prompt disposition of the case . . . .

> **(2)** If the crime charged is a felony, the district attorney shall either move to dismiss the pending case or arrange a date for preliminary examination as soon as convenient and notify the warden or superintendent of the prison thereof, unless such examination has already been held or has been waived . . . . The district attorney shall bring the case on for trial within 120 days after receipt of the request subject to s. 971.10.

> . . . .

> **(7)** If the district attorney moves to dismiss any pending case or if it is not brought on for trial within the time specified in sub. (2) . . . *the case shall be dismissed unless the defendant has escaped or otherwise prevented the trial,* in which case the request for disposition of the case shall be deemed withdrawn and of no further legal effect. (Emphasis added.)

■

¶ 11. The statute mandates that when the case is not brought to trial within 120 days, it "shall be dismissed" unless the defendant escapes or otherwise prevents the trial from taking place. Here, two factors

influenced the trial court's decision to reschedule the trial: the court's crowded trial calendar for the week of September 30, and the prosecutor's vacation plans. Either of these factors may be an appropriate reason to reschedule a trial within the statutory time limit; however, they do not justify violating a defendant's statutory right to prompt disposition under the IDA.

¶ 12. The State argues, however, that Lewis waived his right to a prompt disposition at the September 11, 2002 pretrial conference and urges us to affirm the trial court's decision to proceed with a trial beyond the 120–day deadline. At the pretrial conference, the following exchange took place between the court, Lewis's attorney (Meyeroff) and the prosecutor (Jambois):

THE COURT: Mr. Meyeroff, we are talking about adjourning the trial date. Your sense?

MR. MEYEROFF: Is there a problem with that detainer statute where he has the absolute right to a trial within 120 days?

MR. JAMBOIS: 180 days. There is only a problem if he implicates the detainer statute, which he had in the last case. I don't know [if] he did in this case .... If there were a problem with the detainer statute, we would have to try this case in September. I ... did not file a request for prompt disposition intrastate matter nor has he filed a speedy trial demand in this case, to my knowledge.

MR. MEYEROFF: He is serving six years in prison.

MR. JAMBOIS: It seems like an adjournment won't be a major problem. I do not believe there has ever been an intrastate detainer request filed in this case.

453

THE COURT: I don't see it looking through it quickly . . . . I am going to rely on both counsels' representations in that regard. It seems appropriate for us to adjourn the trial.

MR. MEYEROFF: All right.

¶ 13. At the November 15 motion hearing, the trial court implied that Lewis waived or withdrew his request for prompt disposition by denying the court "the opportunity to try the case within 120 days." The court retraced the statements made at the pretrial conference and then ruled as follows:

THE COURT: I think we have an issue in terms of whether or not the defendant is entitled [to] the advantages of the statute under [WIS. STAT. §] 971.11(2), unfettered by the actions of his own attorney.

His own attorney comes into court—Mr. Meyeroff had come into court on September 11th and basically said nothing when the district attorney said, I don't know anything about a prompt detainer, prompt disposition request.

. . . .

The Court says . . . I am going [to] rely on both attorneys in that regard in terms of their [sic] not being a prompt disposition request. I don't see how a defendant ought to be able to benefit by the actions of his own attorney in standing silent when the Court indicates that it has no knowledge of the request for prompt disposition, and then raise the issue after the 120 [days] expires and says, hey, my client is entitled to it.

MR. MEYEROFF: I am the one who brought up the 120 days. If I was trying to lie in the weeds, I wouldn't have brought it up, and I don't think there is any requirement it has to be in your file. The requirement is it has to be served on the district attorney.

454

THE COURT: I believe, in this case, that the case should not be dismissed . . . . Because if a court who has to administer the 120 issue once the Court is involved and once the Court begins to discuss it and seeks out the information as to whether or not, in fact, there is a prompt disposition request by the defendant, I believe the defendant, through his attorney, has an obligation to disclose that there is. You did raise the issue, but you did not complete the issue, and now we are sitting more than 120 days. The only way this case should be dismissed—if as a matter of law if 120 days goes by and you have a certified mail return receipt signed by someone from the DA's Office, and that's it, 120 days goes by and the case ought to be dismissed. I don't think under these facts it ought to be the way it is. I think the Court was denied the opportunity to try the case within 120 days. I believe that defense counsel had some affirmative responsibility to tell us but, Judge, we filed this. But give me some notice, and I can't in good conscience consider dismissing the case.

¶ 14.    The trial court held that Lewis had an "affirmative responsibility" to advise the court of his prompt disposition request. We cannot agree because no such duty exists in the statute. Further, we cannot conclude that Lewis's attorney, his third attorney on this case, waived Lewis's statutory right to prompt disposition by stating the rescheduled trial date was "fine." Waiver of a statutory right must be an intentional and voluntary relinquishment of a known right, and it must be accomplished by a clear and specific renunciation of that right. *Mulvaney v. Tri State Truck & Auto Body, Inc.*, 70 Wis. 2d 760, 768, 235 N.W.2d 460 (1975). Lewis's attorney acquiesced to the rescheduled trial date only after the prosecutor indicated, incorrectly, that no request for prompt disposition had been filed. This is not an intentional and voluntary relin-

quishment of a known right. We are troubled by Lewis's absence from the pretrial hearing and observe that, had he been present, the issue of whether a request for prompt disposition had been filed could have been immediately, and accurately, resolved.[3]

¶ 15.   We conclude that the trial court misplaced the responsibility for complying with the 120–day time limit on Lewis when it imposed an "affirmative responsibility" on him to advise the court of his properly submitted request. Once the district attorney receives the request, the responsibility for prompt disposition is placed squarely on the district attorney. WIS. STAT. § 971.11(1), (2). We hold that the trial court erred when it failed to dismiss the case in accordance with the mandate of § 971.11(7). We reverse and remand the case and direct the trial court to determine whether dismissal will be with or without prejudice. *See Davis*, 248 Wis. 2d 986, ¶ 29.

### Eighth Amendment Challenge to the Persistent Repeater Statute

¶ 16.   Lewis also challenges the trial court's imposition of an enhanced sentence for persistent repeater status under WIS. STAT. § 939.62(2m)(b)2, arguing that it violates his Eighth Amendment protection against

---

[3] The trial court explained Lewis's absence from the pretrial hearing as follows:   "We don't have the defendant here. He is in custody, and we were in the middle of a suppression hearing with two other in-custodies, so we are short of transport people." From this we gather that Lewis would have been there but for transportation issues. It is not explained, however, why Lewis could not have participated by telephone.

cruel and unusual punishment. Whether a statute is constitutional is a question of law that we review de novo. *State v. Migliorino*, 150 Wis. 2d 513, 524, 442 N.W.2d 36 (1989).

¶ 17.   Lewis was sentenced to life in prison without the possibility of parole under the "two strikes" law because he was convicted of a serious child sex offense in 1994 and faced sentencing on at least one serious child sex offense here. *See* WIS. STAT. § 939.62(2m)(b)2, (2m)(c). In *State v. Radke*, 2003 WI 7, ¶¶ 16–18, 259 Wis. 2d 13, 657 N.W.2d 66, our supreme court provided a history of Wisconsin's approach to repeat offenders. The court explained that:

> For more than a century, Wisconsin laws have authorized courts to enhance the sentences of repeat offenders. By 1993 Act 289, the legislature enacted the "three strikes" law, creating a new subcategory of repeat offenders known as "persistent repeaters."
>
> . . . .
>
> The legislature added to this new persistent repeater subcategory of repeat offenders by 1997 Act 326, the "two strikes" law. Included in this second group of persistent repeaters are defendants who have been convicted of one offense that the legislature has designated as a "serious child sex offense" and who are being sentenced for a second such offense . . . . Persistent repeaters under the "two strikes" law face a mandatory sentence of life in prison without the possibility of parole.

*Id.*, ¶¶ 16, 18. Persistent repeater statutes have survived Eighth Amendment challenges in the past. *See State v. Hahn*, 2000 WI 118, ¶ 34, 238 Wis. 2d 889, 618 N.W.2d 528 ("Forty-seven states and the District of Columbia have enacted persistent repeater statutes,

many of which require life sentences upon an offender's third offense. These persistent repeater statutes and the resulting sentences have withstood Eighth Amendment challenges."). Furthermore, our supreme court upheld the "two strikes" law, stating that the legislature "could reasonably determine that the need for incarceration without the possibility of parole is especially acute when children, a particularly vulnerable segment of the population, are the explicit targets of the offenses." *Radke*, 259 Wis. 2d 13, ¶ 28 (footnote omitted).

¶ 18. When sentencing Lewis, the trial court correctly determined that Lewis's 1994 conviction for second-degree sexual assault of a child and the current convictions for child enticement placed him within that category of persistent repeaters covered by the "two strikes" law and that the resulting sentence did not violate the Eighth Amendment. *See* WIS. STAT. § 939.62(2m)(a)1m.a, (2m)(b)2; *Hahn*, 238 Wis. 2d 889, ¶ 34.

### *Other Acts Evidence and Voir Dire*

¶ 19. Lewis raises two additional issues on appeal. First, he contends that the State's peremptory challenge to the only African-American in the jury pool violated basic equal protection under *Batson v. Kentucky*, 476 U.S. 79 (1986). He further contends that the court erroneously allowed the State to introduce other acts evidence at trial. We do not reach these issues because we reverse on other grounds. If a decision on one point disposes of the appeal, we will not decide the other issues raised. *Gross v. Hoffman*, 227 Wis. 296, 300, 277 N.W. 663 (1938).

## CONCLUSION

¶ 20.   We conclude that the trial court erred when it denied Lewis's motion to dismiss under WIS. STAT. § 971.11(7). We reverse and remand for the trial court to determine whether the dismissal should be granted with or without prejudice, using factors our supreme court has developed to guide the trial court's exercise of discretion. *See Davis*, 248 Wis. 2d 986, ¶ 29.

¶ 21.   We also conclude that although the trial court properly applied the persistent repeater penalty enhancement at sentencing, the order must be reversed in light of our reversal of Lewis's conviction. We remand the matter for further proceedings in accordance with this opinion.

*By the Court.*—Judgment and order reversed and cause remanded with directions.