STATE of Wisconsin,
Plaintiff-Appellant-Cross-Respondent,

v.

Malcolm A. BUTLER,
Defendant-Respondent-Cross-Appellant.†

Court of Appeals

*No. 2012AP2243–CR. Submitted on briefs October 22, 2013.*
*—Decided December 18, 2013.*

2014 WI App 4

(Also reported in 844 N.W.2d 392.)

† Petition for Review denied April 16, 2014.

484

On behalf of the plaintiff-appellant-cross-respondent, the cause was submitted on the briefs of *William L. Gansner*, assistant attorney general, and *J.B. Van Hollen*, attorney general.

On behalf of the defendant-respondent-cross-appellant, the cause was submitted on the briefs of *Matthew S. Pinix* of *Law Office of Matthew S. Pinix, LLC*, Milwaukee.

Before Brown, C.J., Neubauer, P.J., and Reilly, J.

¶ 1. NEUBAUER, P.J. The Intrastate Detainer Act, WIS. STAT. § 971.11 (2011–12),[1] requires that a case be brought on for trial within 120 days of an inmate's request for prompt disposition, "subject to" WIS. STAT. § 971.10, the Speedy Trial Statute. The Speedy Trial Statute requires that a felony trial shall commence within ninety days of a demand, but a continuance may be granted for good cause. Malcolm A. Butler, while an inmate, requested prompt disposition of and a speedy trial on the new charges filed against him. The circuit court granted a good cause continuance of Butler's trial,

---

[1] All references to the Wisconsin Statutes are to the 2011–12 version unless otherwise noted.

denying his speedy trial demand, but the court did not expressly address his intrastate detainer request.[2] Postconviction, Butler moved to vacate and dismiss the charges with prejudice because his trial was held more than 120 days from his intrastate detainer request. The postconviction circuit court vacated his conviction, but dismissed the information without prejudice to refiling of the charges. This was error. Butler's intrastate detainer request and the attendant time limit were "subject to" the speedy trial grounds for a continuance. The circuit court appropriately addressed the statutory factors, applied them to the facts of the case, and reached a well-reasoned decision to allow for a continuance. Because there was no violation of § 971.11(2), we reverse and remand for reinstatement of the information and Butler's conviction.

## FACTS

¶ 2. On October 6, 2009, Butler was charged with homicide, armed robbery, battery, and possession of a firearm by a felon. At the time, Butler was on probation in a prior case. On June 16, 2010, probation in that case was revoked, and Butler was sent to prison. Butler demanded a speedy trial, under the Speedy Trial Statute, and a prompt disposition, under the Intrastate Detainer Act. A trial was set within the 120–day deadline of the Intrastate Detainer Act. The circuit court subsequently granted the State's request for a continuance of Butler's and his codefendants' trials because a key State's witness had been hospitalized days before and because there was a newly discovered statement of a codefendant. The circuit court ruled that the assault-

---

[2] The Honorable Barbara A. Kluka presided over Butler's trial. The Honorable Wilbur W. Warren III ruled on Butler's postconviction motion.

ive nature of the crimes was such that the interests of the public and Butler in a speedy trial were outweighed by the above considerations and the severity of the case. Butler's trial took place more than 120 days after his intrastate detainer request. Postconviction, Butler moved to vacate the conviction and dismiss the case with prejudice because the State failed to alert the circuit court to Butler's prompt disposition request and to bring the case to trial within 120 days of that request. The circuit court, a different judge, granted Butler's motion to dismiss and vacated the judgment of conviction but denied Butler's motion to dismiss with prejudice, finding that good cause was shown for the delay. The State appeals the vacation of the judgment of conviction and dismissal of the information, and Butler cross-appeals the judgment of conviction and the denial of his motion to dismiss the case with prejudice.

## APPEAL

### *Our Standard of Review and the Statutes*

¶ 3. This case requires us to interpret WIS. STAT. § 971.11(2) of the Intrastate Detainer Act and decide whether it incorporates a good cause continuance under WIS. STAT. § 971.10(3)(a) of the Speedy Trial Statute. This is a question of law we review de novo. *See State v. Davis*, 2001 WI 136, ¶¶ 3–4, 248 Wis. 2d 986, 637 N.W.2d 62.

¶ 4. The Intrastate Detainer Act applies when a criminal case is brought against an inmate of a state prison and directs the warden, at the inmate's request, to send a written request to the district attorney for prompt disposition of the case. WIS. STAT. § 971.11(1). Under subsection (2), "The district attorney shall bring

the case on for trial within 120 days after the receipt of the request subject to [Wɪs. Sᴛᴀᴛ. §] 971.10."

¶ 5. The deadline in Wɪs. Sᴛᴀᴛ. § 971.11(2) of the Intrastate Detainer Act, as quoted above, is "subject to" Wɪs. Sᴛᴀᴛ. § 971.10, the Speedy Trial Statute, which grants the right to felony defendants to begin trial within ninety days of a demand. Sec. 971.10(2)(a). Under § 971.10(3)(a), "A court may grant a continuance in a case, upon its own motion or the motion of any party, if the ends of justice served by taking action outweigh the best interest of the public and the defendant in a speedy trial." The statute goes on to list the reasons the circuit court must consider when deciding whether to grant a continuance:

> 1. Whether the failure to grant the continuance in the proceeding would be likely to make a continuation of the proceeding impossible or result in a miscarriage of justice.
>
> 2. Whether the case taken as a whole is so unusual and so complex, due to the number of defendants or the nature of the prosecution or otherwise, that it is unreasonable to expect adequate preparation within the periods of time established by this section.
>
> 3. The interests of the victim, as defined in [Wɪs. Sᴛᴀᴛ. §] 950.02(4).

Sec. 971.10(3)(b). The issue is whether the provision that the 120–day deadline of § 971.11(2) of the Intrastate Detainer Act is "subject to [§] 971.10" incorporates the Speedy Trial Statute's good cause continuance.

*Applicability of Speedy Trial*
*Continuance to Intrastate Detainer Act*

¶ 6. *Davis* controls this case. In *Davis*, the supreme court held that a circuit court has discretion to

488

dismiss a criminal case against an inmate with or without prejudice when the 120–day time period set by the Intrastate Detainer Act is violated. *Davis*, 248 Wis. 2d 986, ¶ 5. Although the statute is silent as to whether dismissal is with or without prejudice, the court held that the intent was to allow a circuit court to dismiss a criminal case with prejudice when no good cause is shown for the State's failure to comply with the 120–day time period and to dismiss a criminal case without prejudice when good cause is shown for the delay. *Id.*, ¶ 17. In reaching this conclusion, the *Davis* court looked to WIS. STAT. § 971.11(2)'s mandate that the district attorney "shall bring the case on for trial within 120 days after receipt of the request subject to [WIS. STAT. §] 971.10," the Speedy Trial Statute. *See Davis*, 248 Wis. 2d 986, ¶ 11. The supreme court noted that "[b]ecause WIS. STAT. § 971.11(2) states that it is subject to § 971.10, we must read §§ 971.10 and 971.11 together." *Davis*, 248 Wis. 2d 986, ¶ 16. Under § 971.10(3)(a), the circuit court may grant a continuance of a trial provided that the circuit court's findings are set forth on the record and "the ends of justice served by granting a continuance outweigh the best interests of the public and the accused in a speedy trial." *Davis*, 248 Wis. 2d 986, ¶ 15. Thus, while *Davis* did not involve a speedy trial demand or a continuance, the supreme court reasoned that dismissal without prejudice when good cause is shown is available under § 971.11(7), relying in part on the court's conclusion that a continuance is available pursuant to the grounds set forth in § 971.10(3)(a) of the Speedy Trial Statute. *Davis*, 248 Wis. 2d 986, ¶¶ 14–15. We too have stated that the "subject to" language refers to the ability to grant a continuance for the reasons set forth in § 971.10(3)(a) of the Speedy Trial Statute. *State v.*

*Adams*, 207 Wis. 2d 568, 574 n.2, 558 N.W.2d 923 (Ct. App. 1996) ("[T]he phrase 'subject to s. 971.10' in § 971.11(2) . . . refers to the court's authority to grant a continuance for the reasons specified in § 971.10(3).").

¶ 7. Butler argues that Wis. Stat. § 971.11(2) simply requires the State to abide by a speedy trial demand when there is also a prompt disposition request. He argues a continuance beyond the 120–day period is never permitted under the Intrastate Detainer Act. We reject Butler's conclusion. Butler's theory does not comport with the specific conclusion by the *Davis* and *Adams* courts that the "subject to [Wis. Stat. §] 971.10" language following the 120–day time period in § 971.11(2) refers to the court's authority to grant a continuance for the reasons specified in § 971.10(3)(a). Indeed, Butler's conclusion that the 120–day time period set forth in § 971.11(2) cannot be extended is fundamentally inconsistent with the *Davis* court's conclusion that failure to bring a case to trial within 120 days triggers dismissal, which can be without prejudice and therefore allow for refiling. *Davis* squarely rejected the hard deadline Butler promotes. Whether a good faith extension is granted before the trial, with a continuance, or after the State fails to bring the case on for trial within 120 days, with a dismissal without prejudice where good cause is shown, the concept is the same and is allowed under the statute.

¶ 8. The legislative history of Wis. Stat. § 971.11(2) supports our conclusion. The predecessor to the current Intrastate Detainer Act contained a provision for continuance. Wisconsin Stat. § 955.22(2)(b) (1967) made an exception to the 180–day deadline when "[t]he trial is continued for cause upon notice to the defendant or his counsel or upon motion of defendant."

The new version shortened the time frame to 120 days, took out the provision for continuance, and added "subject to [WIS. STAT. §] 971.10," 1969 Wis. Laws, ch. 255, §§ 55, 63, thus preserving the ability to continue the trial by importing the continuance provision from § 971.10.

¶ 9. Finally, both the Speedy Trial Statute and the Interstate Detainer Act, WIS. STAT. § 976.05, authorize granting a continuance for cause. *See* § 976.05(3)(a). It would be an anomaly to allow for a continuance under these statutes but not under the Intrastate Detainer Act. *See State v. Clausen*, 105 Wis. 2d 231, 245, 313 N.W.2d 819 (1982) (statutes should not be construed to work absurd or unreasonable results).

*The Circuit Court's Decision on Continuance*

■

¶ 10. The State contends that the circuit court effectively and properly exercised its discretion in granting a continuance of the Intrastate Detainer Act deadline for the reasons it stated on the record. The State contends that the error was in the circuit court's postconviction vacation of Butler's conviction and dismissal of the information. Butler argues that we cannot evaluate the circuit court's continuance, because the Intrastate Detainer Act deadline was not before the circuit court as the State had not alerted the circuit court to Butler's request thereunder.

¶ 11. The circuit court articulated the reasons for the continuance based on the factors set forth in the Speedy Trial Statute. The "subject to" language in WIS. STAT. § 971.11(2) of the Intrastate Detainer Act incorporates a good cause continuance under WIS. STAT. § 971.10(3)(a) of the Speedy Trial Statute. While the

491

circuit court did not explicitly address Butler's intrastate detainer request, we see no harm, as the request and its attendant time limit were subject to the speedy trial grounds and authorization for a continuance. The circuit court addressed the statutory factors, applied them to the facts of this case, and reached a well-reasoned decision to allow a continuance. We will not overturn this appropriate exercise of discretion.

## CROSS-APPEAL

¶ 12. The postconviction circuit court erred in dismissing Butler's case because the circuit court had properly granted a continuance. We therefore reverse the postconviction ruling altogether, effectively disposing of Butler's cross-appeal that the circuit court should have dismissed with prejudice.

## CONCLUSION

¶ 13. Butler's prompt disposition request and the attendant time limit of WIS. STAT. § 971.11(2) of the Intrastate Detainer Act were subject to the circuit court's continuance granted under WIS. STAT. § 971.10(3)(a) of the Speedy Trial Statute. It was therefore error for the postconviction circuit court to conclude that there had been a violation of the Intrastate Detainer Act and vacate Butler's conviction and dismiss the information. We affirm the judgment of conviction and reverse the circuit court's postconviction order vacating that judgment and dismissing the information without prejudice.

*By the Court.*—Judgment affirmed; order reversed.