PER CURIAM.
¶1 Daniel P. Henningsen appeals an order denying his motion for postconviction relief under WIS. STAT. § 974.06 (2017-18).[1] In August 2008, the State charged Henningsen with multiple criminal counts arising out of a car crash that occurred when Henningsen was driving while intoxicated. On March 18, 2009, the Department of Corrections sent Henningsen's request for a prompt disposition to the district attorney. Henningsen's request for a prompt disposition under WIS. STAT. § 971.11(2), the Intrastate Detainer Act (IDA), required the State to bring Henningsen's criminal case to trial within 120 days, by July 17, 2009.
¶2 At an April 20, 2009, status conference, defense counsel informed the court that Henningsen was still recovering from serious injuries he sustained in the accident, and that Henningsen did not appear personally based on medical advice that he had received at the prison infirmary. At an August 4, 2009, status conference, defense counsel informed the court that Henningsen was still recovering from injuries at the prison infirmary, that Henningsen was currently serving a lengthy prison sentence in a different case, and that a defense expert was unavailable for the scheduled December 2009 trial date. The parties agreed on a trial date in February 2010. At an August 19, 2009, hearing, defense counsel informed the court that the prison infirmary anticipated that Henningsen would be medically able to be transported to court by October 2009.
¶3 On July 15, 2010, Henningsen pled guilty to two of the charges in the complaint, and two other charges were dismissed. In December 2010, Henningsen was convicted of the remaining charges following a bench trial. Henningsen unsuccessfully pursued a direct postconviction motion and appeal, challenging the sufficiency of the evidence and the court's exercise of its sentencing discretion.
¶4 In August 2017, Henningsen filed a motion for postconviction relief under WIS. STAT. § 974.06. He argued that the State failed to comply with its obligations under the IDA and that the case should have been dismissed for failure to timely prosecute. He argued that his direct postconviction and appellate counsel, Attorney Hans Koesser, was ineffective by failing to raise that issue.
¶5 The court held an evidentiary hearing, at which Attorney Koesser testified to the following. Attorney Koesser was appointed as Henningsen's postconviction counsel, and spoke with Henningsen's trial counsel about Henningsen's prompt disposition request. Attorney Koesser did not file a postconviction motion raising the IDA violation because he viewed the issue as forfeited when trial counsel chose not to pursue the prompt disposition request in light of Henningsen's medical issues and the need to retain a defense expert.
¶6 Henningsen testified to the following. Henningsen requested a prompt disposition on his trial counsel's advice. There was a three-day period after a surgery that Henningsen was unable to come to court, but other than that he was always physically able to attend court. Henningsen acknowledged that he was dealing with ongoing serious physical issues, and that there were times that were better for him to go to court than others, but stated that he never told anyone that he could not come to court due to his physical condition. When Henningsen followed up with his trial counsel about the prompt disposition request, his counsel stated that it was a "dead issue" because the State could just have the case dismissed without prejudice and refile the charges. Henningsen acquiesced to his counsel's decision on the matter.
¶7 The circuit court determined that Attorney Koesser was not ineffective during postconviction proceedings because a postconviction motion raising the IDA violation would have lacked merit. The court found that Henningsen was under medical advice not to be transported to court between April and August 2009. The court also found that Henningsen's trial counsel had advised Henningsen not to pursue the prompt disposition issue because counsel believed that the State would be able to obtain dismissal without prejudice and refile the charges, and that Henningsen decided not to pursue a prompt disposition after discussing the advantages and disadvantages with his counsel. It found that Henningsen's trial counsel made a strategic decision to postpone trial based on Henningsen's medical condition and the need to obtain a defense expert for trial. The court determined that Henningsen waived his right to a prompt disposition on the advice of counsel, as evidenced by his counsel seeking an adjournment past the prompt disposition deadline.
¶8 Henningsen contends that he was denied his constitutional right to the effective assistance of counsel on direct appeal when Attorney Koesser failed to file a postconviction motion seeking to dismiss based on the IDA violation. See Strickland v. Washington , 466 U.S. 668, 687 (1984) (claim of ineffective assistance of counsel must establish that counsel's performance constituted deficient conduct and that the conduct prejudiced the outcome). A claim of ineffective assistance of counsel for failing to pursue a postconviction motion must establish the merits of the issue that the defendant believes that counsel should have raised. See State v. Toliver , 187 Wis. 2d 346, 360, 523 N.W.2d 113 (Ct. App. 1994) (explaining that trial counsel is "not ineffective for failing or refusing to pursue feckless arguments"), clarified or modified on other grounds by State v. Harbor , 2011 WI 28, 333 Wis. 2d 53, 797 N.W.2d 828. We turn, then, to the merits of the IDA claim that Henningsen believes that Attorney Koesser should have raised by postconviction motion.
¶9 A request for a prompt disposition under the IDA requires the State to bring a criminal case to trial within 120 days, or the case "shall be dismissed." WIS. STAT. § 971.11(7). Henningsen cites State v. Lewis , 2004 WI App 211, ¶15, 277 Wis. 2d 446, 690 N.W.2d 668, for the proposition that "[o]nce the district attorney receives the [defendant's] request [for a prompt disposition under the IDA], the responsibility for prompt disposition is placed squarely on the district attorney." Henningsen argues that his case is distinguishable from State v. Miller , 2003 WI App 74, 261 Wis. 2d 866, 661 N.W.2d 466, in which we found that Miller's conduct waived his right to a prompt disposition under the Interstate Agreement on Detainers (IAD), which is not identical to the IDA. Henningsen contends that Miller is not controlling because it addressed a prompt disposition request under the IAD, not the IDA, and the two statutes are not identical. Henningsen reiterates that, in Lewis , we recognized that the prosecution bears the responsibility for complying with a request for a prompt disposition under the IDA. Henningsen also points out that, unlike Miller, Henningsen never stated on the record that he was not seeking a speedy trial. See Miller , 261 Wis. 2d 866, ¶¶5-12. Henningsen argues that he did not waive his request for a prompt disposition by his counsel's request for a continuance or by any other statements or conduct. Thus, Henningsen contends, he was entitled to postconviction dismissal of the charges based on the State's violation of the IDA by failing to bring Henningsen to trial within 120 days of his request for a prompt disposition.
¶10 The State responds that Henningsen waived his right to a prompt disposition by conduct. It contends that Miller is instructive because, although Miller addressed a prompt disposition request under the IAD, the Miller court specifically recognized that the intent of the IDA and the IAD are the same. See id. , ¶8 n.4. It contends that Henningsen waived his right to a prompt disposition when Henningsen's trial counsel, following discussions with Henningsen, sought continuation beyond the prompt disposition deadline based on Henningsen's medical condition and the need to obtain a defense expert.
¶11 Henningsen argues in reply that, under Lewis , defense counsel's agreement to a trial date beyond the prompt disposition deadline does not waive the defendant's right to a prompt disposition.[2] He points out that we held that Lewis' counsel did not waive Lewis' statutory right to a prompt disposition by agreeing to a later trial date, stating that "[w]aiver of a statutory right must be an intentional and voluntary relinquishment of a known right, and it must be accomplished by a clear and specific renunciation of that right." Lewis , 277 Wis. 2d 446, ¶14. Henningsen argues again that the IAD and the IDA are not identical, highlighting that, under the IDA, only the prosecutor receives the prompt disposition request and bears responsibility for compliance. Henningsen argues that the waiver by attorney conduct that we have recognized in the IAD context should not be imported to IDA cases, arguing instead that waiver-by-attorney conduct in an IDA case should apply only if defense counsel knew the prompt disposition deadline when agreeing to an adjournment. Henningsen then argues that there is no evidence that his trial counsel knew the prompt disposition deadline when he agreed to trial dates beyond it. He argues that this case is therefore analogous to Lewis , and that his counsel did not knowingly waive his prompt disposition rights.
¶12 However, the circuit court found, based on the record and the testimony at the postconviction motion hearing, that Henningsen and his counsel discussed the prompt disposition request, after which Henningsen made the decision not to pursue a prompt disposition on the advice of counsel. The court found that Henningsen's counsel was aware of the prompt disposition request, that Henningsen and counsel agreed not to pursue it, and that counsel then agreed to schedule trial beyond the prompt disposition deadline based on Henningsen's medical issues and the need to obtain a defense expert. Thus, unlike in Lewis , counsel here knowingly extended trial beyond the prompt disposition deadline on Henningsen's behalf. Significantly, in Lewis , we relied on the fact that Lewis' counsel had "acquiesced to the rescheduled trial date only after the prosecutor indicated, incorrectly, that no request for prompt disposition had been filed," and concluded that that was "not an intentional and voluntary relinquishment of a known right." Id. Here, by contrast, Henningsen's counsel knowingly agreed to continue the case to a date beyond the prompt disposition deadline based on Henningsen's medical condition and the desire to obtain an expert. Accordingly, Lewis does not dictate the outcome Henningsen asserts.
¶13 We conclude that Henningsen failed to establish that his direct postconviction and appellate counsel was ineffective by failing to pursue dismissal based on a violation of the IDA because the record establishes that Henningsen waived his right to a prompt disposition in the circuit court.[3] We affirm the order denying Henningsen's WIS. STAT. § 974.06 motion.
By the Court. -Order affirmed.
This opinion will not be published. See WIS. STAT. RULE 809.23(1)(b)5.

All references to the Wisconsin Statutes are to the 2017-18 version unless otherwise noted.

Henningsen also points out, correctly, that the State failed to address State v. Lewis , 2004 WI App 211, 277 Wis. 2d 446, 690 N.W.2d 668, in its respondent's brief. Henningsen argues that the State has conceded Henningsen's arguments based on Lewis . See Charolais Breeding Ranches, Ltd. v. FPC Securities Corp. , 90 Wis. 2d 97, 109, 279 N.W.2d 493 (Ct. App. 1979) ("Respondents on appeal cannot complain if propositions of appellants are taken as confessed which they do not undertake to refute."). While it would have been helpful to this court had the State responded to Henningsen's arguments based on Lewis , we are not bound by the State's concession on a point of law. See State v. Carter , 2010 WI 77, ¶50, 327 Wis. 2d 1, 785 N.W.2d 516.

Our conclusion that Henningsen's ineffective assistance of postconviction and appellate counsel argument fails because a postconviction motion to dismiss for an IDA violation would have lacked merit is dispositive of this appeal. Accordingly, we do not reach other arguments raised by the parties.