COURT OF APPEALS
DECISION
DATED AND FILED

July 14, 2021

Sheila T. Reiff
Clerk of Court of Appeals

**NOTICE**

This opinion is subject to further editing. If published, the official version will appear in the bound volume of the Official Reports.

A party may file with the Supreme Court a petition to review an adverse decision by the Court of Appeals. *See* WIS. STAT. § 808.10 and RULE 809.62.

Appeal No. **2019AP637**

STATE OF WISCONSIN

Cir. Ct. No. 2009CF1087

IN COURT OF APPEALS
DISTRICT II

STATE OF WISCONSIN,

    PLAINTIFF-RESPONDENT,

  V.

MALCOLM A. BUTLER,

    DEFENDANT-APPELLANT.

APPEAL from orders of the circuit court for Kenosha County: DAVID P. WILK, Judge. *Affirmed.*

Before Neubauer, C.J., Reilly, P.J., and Davis, J.

**Per curiam opinions may not be cited in any court of this state as precedent or authority, except for the limited purposes specified in WIS. STAT. RULE 809.23(3).**

¶1    PER CURIAM.  Malcolm Butler appeals pro se from circuit court orders denying his WIS. STAT. § 974.06 (2019-20)[1] motion.  Because the record conclusively demonstrates that Butler was not entitled to relief, we affirm the circuit court's orders denying the motion without an evidentiary hearing.

¶2    In 2011, a jury convicted Butler of being a felon in possession of a firearm and being party to the crimes of attempted first-degree attempted homicide, armed robbery, and substantial battery.  In 2013, we affirmed Butler's conviction.  *State v. Butler*, 2014 WI App 4, 352 Wis. 2d 484, 844 N.W.2d 392.[2] In 2019, Butler filed a pro se WIS. STAT. § 974.06 motion alleging ineffective assistance of postconviction counsel because counsel did not argue that trial counsel was ineffective for failing to object to certain evidence at trial.[3]  The circuit court denied the motion without an evidentiary hearing.  Butler appeals.

¶3    A circuit court has discretion to deny a WIS. STAT. § 974.06 motion without an evidentiary hearing if the motion does not allege "sufficient facts that, if true, show that the defendant is entitled to relief," "or presents only conclusory allegations, or if the record conclusively demonstrates that the defendant is not

---

[1] All references to the Wisconsin Statutes are to the 2019-20 version unless otherwise noted.

[2] Butler's direct appeal challenged the delay in commencing his trial.  We affirmed the conviction.

[3] Butler alleged other claims, but he pursues only these ineffective assistance of counsel claims on appeal.

entitled to relief." ***State v. Balliette***, 2011 WI 79, ¶18, 336 Wis. 2d 358, 805 N.W.2d 334 (citation omitted).[4]

¶4    To succeed on an ineffective assistance of counsel claim, a defendant must demonstrate that counsel's representation was deficient and that the deficiency was prejudicial. ***State v. Jeannie M.P.***, 2005 WI App 183, ¶6, 286 Wis. 2d 721, 703 N.W.2d 694. Both deficient performance and prejudice present mixed questions of fact and law. ***Id.*** We review de novo whether counsel's performance was deficient or prejudicial. ***Id.*** To show prejudice arising from counsel's performance, a defendant "must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." ***Id.***, ¶26 (citations omitted). We need not consider whether trial counsel's performance was deficient if we can resolve the ineffectiveness issue on the ground of lack of prejudice. ***State v. Moats***, 156 Wis. 2d 74, 101, 457 N.W.2d 299 (1990). Counsel does not render ineffective assistance by failing to raise a meritless issue or make a meritless objection. *See* ***State v. Cameron***, 2016 WI App 54, ¶27, 370 Wis. 2d 661, 885 N.W.2d 611.

¶5    On appeal, Butler challenges the circuit court's denial of his claims that postconviction counsel was ineffective because counsel did not challenge the assistance rendered by trial counsel in two instances: (1) trial counsel failed to

---

[4] The circuit court's March 8, 2019 order denying Butler's original WIS. STAT. § 974.06 motion does not state any reasons for rejecting the ineffective assistance of postconviction counsel claims pursued on appeal. "[R]egardless of the extent of the trial court's reasoning, we will uphold a discretionary decision if there are facts in the record which would support the trial court's decision had it fully exercised its discretion." ***State v. Payano***, 2009 WI 86, ¶41, 320 Wis. 2d 348, 768 N.W.2d 832 (citation omitted).

object to the State's implication that Butler was a gang member and (2) trial counsel failed to object to inadmissible identification testimony. We discuss the facts as necessary to resolve these claims.

¶6 The following evidence was adduced at trial. The victim, who was shot during an armed robbery outside his home, described being confronted by a man with a gun whose face covering slipped away during the crime. The victim was shot in the wrist as he tried to run away. While he was in the hospital's emergency department, he told police that the shooter was either Butler or someone named "Cuda." When the victim reviewed photo arrays containing photographs of Butler and Cuda, he was able to identify a photo of each man, but the resemblance between the two men left the victim unable to determine which one shot him. However, after seeing Cuda in person several times after the crime, the victim determined that Cuda was not the shooter.[5] The victim attended Butler's revocation hearing, and upon seeing Butler at the hearing, the victim recognized him as the shooter. Butler's brother and mother contacted the victim and told him that he could shoot Butler in the leg if he agreed not to testify against him. On cross-examination, Butler's counsel asked the victim if he initially

---

[5] There was no evidence that Cuda took part in the armed robbery.

Butler argues that the victim actually identified Cuda as the shooter when he annotated Cuda's photo in the photo array with a note that he was "150% certain" it was Cuda. As the victim testified at trial, his note meant that he was 150% certain that the photograph depicted "one of the guys that robbed you," not that Cuda was the shooter. At that point, the victim was unsure who shot him. Detective Falk testified that the victim never told him that Cuda was the shooter. It was for the jury to assess the weight and credibility of this evidence. *See* ***State v. Johnson***, 2004 WI 94, ¶20, 273 Wis. 2d 626, 681 N.W.2d 901.

believed that the shooter was part of a gang, and the victim responded that he believed the shooter was a member of The Firm, a gang.

¶7 One of the four participants in the crime, Hardy, told law enforcement officers that Butler had the gun and when the victim started running away, Butler shot at him. Butler later told Hardy that if he talked about the incident, Butler would kill him. Edwards, an acquaintance of Butler, testified that Butler called her from jail and told her to tell the police he was with her the night of the crime, which was not true. Armstrong, Butler's former girlfriend, testified that she saw Butler with the others Hardy identified on the night of the crime. On cross-examination, Butler's counsel asked Armstrong how many of the people she saw on the night of the crime were members of The Firm, and she replied it could have been three (Hardy, Buchanan, and one other). Although, Armstrong did not include Butler in her list of possible gang members, on redirect examination, Armstrong testified that she did know that Butler was part of the gang. Buchanan testified that Butler was with a group of individuals Hardy, a co-actor, identified as being together on the night of the crime.

¶8 Detective Falk testified that when the victim described the suspects to him as "Cuda" and "Impact's" little brother, the detective knew the identity of these individuals based on his work in the Gang Crimes Unit. Through his gang work, the detective knew that Impact is Butler's older brother, Marcus. The detective was also familiar with Buchanan, whom the detective observed being intimidated outside the courtroom by Marcus.[6]

---

[6] Butler's trial counsel objected to any implication that Butler was present at the time of the intimidating conduct and clarified before the jury that Butler was in the courtroom at the time.

¶9    In his WIS. STAT. § 974.06 motion, Butler alleged that his postconviction counsel should have challenged trial counsel's failure to object to the State's numerous implications that he was a gang member.  He argues on appeal that the gang references were prejudicial to him.

¶10    As a threshold matter, we observe that it was Butler who first interjected gang-related evidence in the case.  During his opening statement, Butler's trial counsel broached the topic of members of The Firm being involved in the crime, specifically, Hardy.  Trial counsel elicited gang-related evidence during his cross-examination of Armstrong which occurred before the State elicited gang-related evidence during its examination of Detective Falk.

¶11    If the gang-related evidence was offered to provide background or context in the case, such evidence was not prohibited by WIS. STAT. § 904.04(2).  *See State v. Hereford,* 195 Wis. 2d 1054, 1069, 537 N.W.2d 62 (Ct. App. 1995).

¶12    If the gang-related evidence was other acts evidence under WIS. STAT. § 904.04(2), then it would have been admissible under § 904.04(2) if it was relevant, offered for a permissible purpose and not unfairly prejudicial.  *See State v. Marinez*, 2011 WI 12, ¶18, 331 Wis. 2d 568, 797 N.W.2d 399.  The record shows that the gang evidence figured in to how certain witnesses identified Butler as the shooter, a proper use of such evidence under § 904.04(2)(a).[7]

¶13    "The standard for unfair prejudice is … whether the evidence tends to influence the outcome of the case by 'improper means.'" *State v. Johnson*, 184

---

[7] The victim initially identified Butler as one of two suspects.  The victim described Butler as Impact's little brother.  The detective testified that he was familiar with Impact as a result of his gang work.

Wis. 2d 324, 340, 516 N.W.2d 463 (Ct. App. 1994) (citation omitted). Butler's ineffective assistance of counsel claim also requires a showing of prejudice, i.e., it is reasonably probable that had trial counsel objected to the gang evidence the outcome at trial would have been changed. *See Jeannie M.P.*, 286 Wis. 2d 721, ¶26. On this record, we conclude that Butler cannot show either that the gang evidence tended to influence the outcome of the case by improper means or the prejudice required for an ineffective assistance of counsel claim. The gang evidence consisted of Armstrong's testimony on cross-examination that she did not agree that Butler was a gang member and Detective Falk's testimony that he was familiar with Butler through his gang work. In light of the other evidence in the case, particularly that the victim and Hardy, Butler's co-actor, identified Butler as the shooter, Butler threatened to kill Hardy if he discussed the crime, Butler was with Hardy on the night of the crime, and Butler's direction to Edwards to tell the police he was with her on the night of the crime,[8] the gang evidence was not unfairly prejudicial and it was not reasonably probable that an objection to that evidence by trial counsel would have changed the outcome at trial. *See id.* The record conclusively demonstrates that Butler cannot prevail on his claim that postconviction counsel was ineffective for not challenging trial counsel's failure to object to the gang evidence. *See Cameron*, 370 Wis. 2d 661, ¶27.

¶14 Butler next claims that his postconviction counsel should have challenged trial counsel's failure to object to allegedly inadmissible identification testimony. The victim testified that until he saw Butler at his revocation hearing, he was not sure that Butler was the shooter. Because the victim's identification

---

[8] It was for the jury to assess the credibility of the witnesses. *See Johnson*, 273 Wis. 2d 626, ¶20.

7

was aided by his encounter with Butler at the revocation hearing, Butler argues that the identification was the result of an impermissibly suggestive showup at the revocation hearing.

¶15 We conclude that any objection to the victim's identification of Butler would not have succeeded because Butler's identification did not arise from a showup. A showup identification "denotes a police procedure," which is defined as "an out-of-court pretrial identification procedure in which a suspect is presented singly to a witness for identification purposes." *State v. Hibl*, 2006 WI 52, ¶33, 290 Wis. 2d 595, 714 N.W.2d 194 (citation omitted). The victim first named Butler as a suspect when he was in the emergency department after the shooting. Thereafter, the victim excluded Cuda. However, seeing Butler at his revocation hearing confirmed for the victim what he suspected immediately after the crime: Butler was involved. The record does not show that the victim's presence at the revocation hearing was arranged by law enforcement such that showup identification law might apply in the first instance.[9] *See id.* Therefore, postconviction counsel was not ineffective for failing to challenge trial counsel's handling of the victim's identification of Butler. *See Cameron*, 370 Wis. 2d 661, ¶27.

¶16 The record conclusively demonstrates that Butler was not entitled to relief on his WIS. STAT. § 974.06 motion. Therefore, the circuit court did not

---

[9] While Butler alleges in his postconviction motion and on appeal that the State arranged for the victim's attendance at Butler's revocation, there is no evidence in the record supporting that claim.

Showup identification procedures are now evaluated under the standard set out in *State v. Roberson*, 2019 WI 102, 389 Wis. 2d 190, 935 N.W.2d 813. Under *Roberson*, a defendant must demonstrate that the circumstances of a showup were impermissibly suggestive. *Id.*, ¶82.

misuse its discretion when it denied the motion without an evidentiary hearing. *See **Balliette***, 336 Wis. 2d 358, ¶18.[10]

*By the Court.*—Orders affirmed.

This opinion will not be published. *See* WIS. STAT. RULE 809.23(1)(b)5.

---

[10] To the extent we have not addressed an argument raised on appeal, the argument is deemed rejected. *See **State v. Waste Mgmt. of Wis., Inc.***, 81 Wis. 2d 555, 564, 261 N.W.2d 147 (1978) ("An appellate court is not a performing bear, required to dance to each and every tune played on an appeal.").