# COURT OF APPEALS
# DECISION
# DATED AND FILED

## April 4, 2023

Sheila T. Reiff
Clerk of Court of Appeals

**NOTICE**

This opinion is subject to further editing. If published, the official version will appear in the bound volume of the Official Reports.

A party may file with the Supreme Court a petition to review an adverse decision by the Court of Appeals. *See* WIS. STAT. § 808.10 and RULE 809.62.

**Appeal No. 2022AP6-CR**

**STATE OF WISCONSIN**

Cir. Ct. No. 2020CF601

**IN COURT OF APPEALS
DISTRICT III**

STATE OF WISCONSIN,

PLAINTIFF-RESPONDENT,

V.

JOSEPH D. POSORSKE,

DEFENDANT-APPELLANT.

APPEAL from a judgment of the circuit court for Eau Claire County: JON M. THEISEN, Judge. *Affirmed*.

Before Stark, P.J., Hruz and Gill, JJ.

**Per curiam opinions may not be cited in any court of this state as precedent or authority, except for the limited purposes specified in WIS. STAT. RULE 809.23(3).**

¶1 PER CURIAM. Joseph Posorske appeals from a judgment dismissing two criminal charges against him without prejudice, following the

State's violation of the Intrastate Detainer Act. Posorske contends that: (1) dismissal with prejudice was required as a matter of law because there was no good cause for the State's violation of the act; or, alternatively, (2) the circuit court erroneously exercised its discretion by dismissing the charges without prejudice. We conclude that there is no requirement in the statutes or case law that the court make a separate finding of good cause for a State's violation of the Intrastate Detainer Act before dismissing charges without prejudice and we further conclude that the court properly exercised its discretion in dismissing the charges at issue here without prejudice. Accordingly, we affirm the judgment.

## BACKGROUND

¶2      In April 2020, the State filed a criminal complaint charging Posorske with felony battery and misdemeanor disorderly conduct based upon events that had occurred over two years earlier. Posorske, who was at that time serving a prison sentence on a prior burglary charge, sought a prompt disposition of the charges pursuant to WIS. STAT. § 971.11 (2021-22).[1] On the prompt disposition request form, Posorske waived in writing his right to a preliminary hearing. After the State failed to bring the case to trial within 120 days, and 139 days after the assistant district attorney then handling the case received Posorske's prompt disposition request, Posorske moved to dismiss the charges with prejudice. The circuit court[2] denied the motion without waiting for a response from the State by making a single handwritten notation on the motion that there had "been no speedy trial demand."

---

[1] All references to the Wisconsin Statutes are to the 2021-22 version unless otherwise noted.

[2] The Honorable Emily M. Long presided over the initial motion to dismiss before the Honorable Jon M. Theisen was assigned to the case.

¶3    Following a substitution of judge, and 169 days after the assistant district attorney's receipt of the prompt disposition request, Posorske filed an amended motion to dismiss. In it, he pointed out that he was seeking relief under the prompt disposition statute, WIS. STAT. § 971.11, not under the speedy trial statute, WIS. STAT. § 971.10. Posorske attached an affidavit and Department of Corrections' (DOC) documents to the amended motion to support his allegations of prejudice. Among other things, the amended motion alleged that due to the pending charges, Posorske's custody status was "elevated" and he was removed from prison programming essential to the Earned Release Program (ERP), which in turn would result in Posorske having to serve up to an additional eighteen months in prison. The State filed a response brief arguing that: (1) Posorske's failure to object at his initial appearance to the scheduling of a status conference beyond the 120-day prompt disposition period waived his right to a prompt disposition; and (2) a court has authority to grant a continuance of the prompt disposition period. The State did not, however, assert any reason for its delay in bringing the matter to trial.

¶4    The circuit court "preliminar[ily]" denied the amended motion to dismiss, reasoning that WIS. STAT. § 971.11(2)—which requires a district attorney to bring a matter to trial within 120 days of a prompt disposition request "subject to [WIS. STAT. §] 971.10"—incorporated the need to file a speedy trial demand into the prompt disposition statute.[3] However, the court granted Posorske permission to file another brief "to contest the rulings." Posorske then filed a reply brief, rebutting

---

[3] In *State v. Butler*, 2014 WI App 4, 352 Wis. 2d 484, 844 N.W.2d 392 (2013), this court explained that the reference to WIS. STAT. § 971.10 in WIS. STAT. § 971.11(2) incorporates into the prompt disposition statute the circuit court's authority to grant a continuance under § 971.10(3)(a), "provided that the circuit court's findings are set forth on the record and 'the ends of justice served by granting a continuance outweigh the best interests of the public and the accused in a speedy trial.'" *Butler*, 352 Wis. 2d 484, ¶¶5-6 (citation omitted). There is no requirement, under either the statutes or case law, that an incarcerated person seeking prompt disposition of charges also file a speedy trial demand.

the State's argument that Posorske had forfeited his right to a prompt disposition and also pointing out that neither party had requested—and the court had not granted—a written continuance based upon good cause prior to the expiration of the statutory deadline.

¶5    At the arraignment, which was held 211 days after receipt of the prompt disposition request, Posorske sought a final ruling on his pending amended motion to dismiss the charges based upon the State's violation of WIS. STAT. § 971.11. The circuit court took the matter under advisement and, at a subsequent hearing held 248 days after receipt of the prompt disposition request, issued an oral ruling dismissing the charges without prejudice.

¶6    Although there had been no evidentiary hearing, the circuit court made factual findings that: (1) the district attorney's office received Posorske's prompt disposition request on May 14, 2020; (2) the first two assistant district attorneys assigned to handle the case each departed that office during the 120-day prompt disposition period—which the court characterized as an "inordinate turn-over" rate; (3) neither of the first two prosecutors nor a third who was subsequently assigned to handle the case took any action to schedule a preliminary hearing or trial before the expiration of the 120-day period; (4) the third prosecutor first requested a trial date 141 days after receipt of the prompt disposition request; (5) Posorske's request for judicial substitution did not delay the case; (6) Posorske may have qualified for prison programming, been transferred to a less secure facility, or released earlier absent the pending charges[4]; (7) the COVID-19

---

[4] Posorske asserts that the circuit court erroneously found that he "would not have been released regardless of this case." However, the transcript shows that the court made "different findings" as discussed above—i.e., Posorske may have qualified for prison programming, been transferred to a less secure facility, or been released earlier absent the pending charges—after a discussion with Posorske and his attorney.

pandemic had subsequently affected programming and scheduling; and (8) the delay did not adversely affect any legal defense to the charges that Posorske may have had. The court then observed that the justice system favors giving victims, the State, and the defendant the full hearings to which they were entitled rather than deciding matters on "legal technicalities."

¶7      Posorske now appeals the circuit court's decision to dismiss the charges without prejudice, rather than with prejudice.

## DISCUSSION

¶8      We independently determine whether dismissal is required as a matter of law under the Intrastate Detainer Act, *State v. Lewis*, 2004 WI App 211, ¶9, 277 Wis. 2d 446, 690 N.W.2d 668, but we review the circuit court's decision whether to dismiss the charges with or without prejudice under the erroneous exercise of discretion standard. *State v. Davis*, 2001 WI 136, ¶28, 248 Wis. 2d 986, 637 N.W.2d 62. A circuit court erroneously exercises its discretion when it fails to consider the facts of record under the relevant law or to reason its way to a rational conclusion. *Id.*

¶9      Wisconsin's Intrastate Detainer Act creates a statutory right to prompt disposition of criminal charges filed against people incarcerated in the Wisconsin prison system. WIS. STAT. § 971.11. When a person accused of a felony invokes the right to prompt disposition, the State must either bring the case to trial or move to dismiss it within 120 days of receiving the request, unless the State obtains a continuance pursuant to WIS. STAT. §§ 971.10(3)(a) and 971.11(2). *State v. Butler*, 2014 WI App 4, ¶¶5-6, 352 Wis. 2d 484, 844 N.W.2d 392 (2013). If the State fails to bring the matter to trial within the statutory time period, the case "shall be dismissed" unless the defendant has escaped or in some other manner prevented a

trial. Sec. 971.11(7). Whether the dismissal is with or without prejudice, however, lies within the discretion of the circuit court. *Davis*, 248 Wis. 2d 986, ¶27.

> In exercising its discretion to dismiss a criminal case with or without prejudice for the State's failure to bring the case on for trial within the time period set forth in WIS. STAT. § 971.11(7), a circuit court should consider a number of factors, including, but not limited to, the following: the reasons for and the length of the delay in bringing the criminal case on for trial; whether the nature of the case makes it unreasonable to expect adequate preparation within the statutory time period; an accused's conduct contributing to the delay; an accused's waiver of the statutory right to prompt disposition; the harm to an accused resulting from the delay, such as anxiety and concern; the effect of the delay on an accused's legal defenses; the effect of the delay on the programs and movement within the institutions available to an accused; the effect of the delay on the orderly rehabilitation process of an accused within the Department of Corrections; the effect of the delay on an accused's concurrent sentencing possibilities; the effect of the delay on an accused's possible transfer to a less secure facility; the effect of the delay on an accused's opportunity for parole; the effect of the delay on the transfer of the accused to another institution; the effect of the delay and dismissal on the public interest in the prompt prosecution of crime; and the effect of the delay and dismissal on the victim.

*Davis*, 248 Wis. 2d 986, ¶29 (footnote omitted).

¶10 As a threshold matter, we note that any questions as to whether the State violated the Intrastate Detainer Act or Posorske waived his right to a prompt disposition are not before us because the State has not filed a cross-appeal challenging the dismissal of the charges. We therefore begin our analysis from the premise that Posorske was entitled to the dismissal of the charges. The issues on appeal relate only to whether the dismissal should have been with prejudice.

¶11 Posorske first argues that the dismissal should have been with prejudice, as a matter of law, because the State provided no good cause for its delay

in bringing the matter to trial. In ***Davis***, our supreme court stated that "WIS. STAT. § 971.11(7) [allows] a circuit court to dismiss a criminal case with prejudice when no good cause is shown for the State's failure to comply with the 120–day time period and to dismiss a criminal case without prejudice when good cause is shown for doing so." ***Davis***, 248 Wis. 2d 986, ¶17. Posorske interprets this statement as limiting the court's discretion to dismiss a case without prejudice to those instances in which the court already has determined that good cause exists.

¶12 We reject that interpretation. By including the "reasons for … the delay" among the factors for a circuit court to consider in deciding whether to dismiss with prejudice, ***Davis*** plainly treats the good cause determination as part of a balancing analysis rather than, as Posorske contends, a "necessary predicate" to the court's exercise of discretion regarding whether to dismiss a case without prejudice. In sum, there is no separate requirement that a court find good cause for the State's violation of the Intrastate Detainer Act before dismissing a matter without prejudice.

¶13 Posorske further contends that only dismissal with prejudice can satisfy the legislative purpose identified in ***Davis*** of creating a "detriment" for the State in violating the statute. This argument ignores the additional statement in ***Davis*** that "a dismissal of a criminal case without prejudice under WIS. STAT. § 971.11(7) also penalizes the State by forcing the State to begin the case again and repeat various proceedings, such as the preliminary hearing." *See **Davis***, 248 Wis. 2d 986, ¶19. While we agree with Posorske that compliance with the prompt disposition requirement in § 971.11 is not a mere "technicality," we do not agree with him that either dismissal without prejudice or the circuit court's expressed preference for giving parties and victims their day in court essentially "nullify" the statute.

¶14 Along similar lines, Posorske argues that the "identical [remedial] intent" between Wisconsin's Intrastate Detainer Act and the Interstate Detainer Act set forth in WIS. STAT. § 976.05 requires dismissal with prejudice as a matter of law whenever there is no good cause for a violation of WIS. STAT. § 971.11. Again, we disagree. Section 976.05(5)(c) expressly provides the remedy of dismissal with prejudice for a violation of the statutory time limits for trial. The legislature could have mandated the same remedy for a violation of § 971.11, but it did not.

¶15 Posorske next asserts that the circuit court erroneously exercised its discretion by making "counter-factual findings" about the reasons for the State's failure to bring the matter to trial within the statutory period and the length of the delay. Specifically, Posorske contends that there was nothing in the record establishing that either turnover in the district attorney's office or the COVID-19 pandemic were the actual reasons for the State's delay in this case. Rather, according to Posorske, the only reasonable inference to be drawn based upon the State's initial delay in charging[5] and its subsequent failure to move for a continuance is that the failure to timely bring the matter to trial was caused by the State's "indifference."

¶16 It is true that the State did not assert in its circuit court response brief that either prosecutorial turnover or the COVID-19 pandemic caused its delay. However, the appearance of three different assistant district attorneys for the State during the early pendency of this matter and a moratorium on trials in this State

---

[5] Posorske asserts that there is nothing in the case law that would limit consideration of the length or reasons for delay to the period between the prompt disposition request and the dismissal of charges. We note, however, that the analysis of speedy trial claims does *not* include consideration of any period before the defendant has been officially accused, whether by arrest or indictment. *State v. Urdahl*, 2005 WI App 191 ¶¶16-20, 286 Wis. 2d 476, 704 N.W.2d 324. We see no principled reason why a different rule should apply to prompt disposition claims.

imposed due to the pandemic were both matters of which the court could appropriately take judicial notice. *See generally* WIS. STAT. § 902.01(2). We are therefore satisfied that the court's determination that those events would have adversely impacted the State's ability to proceed in a timely manner was a fair inference drawn from the record. The court was not required to draw the alternate inference of prosecutorial indifference advanced by Posorske.

¶17 Finally, Posorske argues that the circuit court erroneously exercised its discretion by minimizing the harms to himself and society caused by the State's violation and failing to address some of the ***Davis*** factors. As to the asserted harms to Posorske, he submitted undisputed materials showing that he was on track to have completed the ERP by June 2020. Pursuant to WIS. STAT. § 302.05(3)(c)2.a., the DOC converts initial confinement time remaining to extended supervision within thirty days after the completion of the ERP. Thus, Posorske reasons that absent the delay in bringing him to trial in this case, he would have been released to supervision in July 2020, rather than sixteen months later in November 2021. In addition, Posorske contends that society was harmed by the fact that he was ultimately released without having completed rehabilitative programming.

¶18 These contentions are flawed, however, because Posorske's removal from the ERP was triggered by the issuance of charges, not the delay in bringing the charges to trial. By Posorske's own admission in his circuit court brief, by the time the prompt disposition period had ended, prison programming was being limited as a result of the pandemic. Therefore, there is no guarantee that Posorske would have been able to complete the ERP in time for early release even if his case had gone to trial within 120 days of his prompt disposition request.

¶19 With respect to additional factors, Posorske alleges that the circuit court failed to consider whether the nature of the case made it "unreasonable to expect adequate preparation within the statutory time period" and that the court also "largely ignored" the fact that Posorske's actions did not contribute to the delay. Posorske acknowledges, however, that the court did observe in a prior hearing that it did not appear that this was "the kind of case that was stagnating in investigation." In any event, exercising discretion inherently involves determining what weight to give to each potentially relevant factor. Under our standard of review for discretionary determinations, the fact that the court gave less weight to some factors than Posorske feels they warranted does not provide grounds for reversal.

*By the Court.*—Judgment affirmed.

This opinion will not be published. *See* WIS. STAT. RULE 809.23(1)(b)5.